967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard RODRIGUEZ, Petitioner-Appellant,
v.
Samuel LEWIS, et al., Respondents-Appellees.
 No. 91-16382.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1992.*
Decided June 11, 1992.
 
 Before CHOY, HUG and RYMER, Circuit Judges.
 
 
 1
 Richard Rodriguez, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. He was convicted of first degree murder on June 14, 1977 after a jury trial in Pima County, Arizona. The only issue before us is whether Rodriguez was deprived of his fundamental right to receive effective assistance of counsel due to his attorney's failure to put forth a defense in his favor. We affirm.
 
 
 2
 In our March 5, 1991 Memorandum decision, we reversed the district court's dismissal of Rodriguez's habeas petition and remanded with instructions to obtain and review the relevant portions of the state court record and determine whether an evidentiary hearing was required. On remand, the district court reviewed the trial transcript and the transcript of Rodriguez's motion to dismiss counsel. It concluded that "trial counsel's decision to rest Petitioner's case without presenting defensive evidence was a sound trial strategy considering Petitioner's extensive past criminal record." This conclusion is fully supported by the record.
 
 
 3
 Trial counsel explained that he did not offer evidence on the insanity defense because it would allow the prosecutor to put Rodriguez's juvenile criminal record into evidence. He feared this would inflame the jury and make a conviction for first degree murder, rather than a lesser conviction, more likely. We agree with the district court, that counsel's decision not to call witnesses or present other evidence amounted to sound trial strategy rather than ineffective assistance of counsel.
 
 
 4
 Given the complete trial court record on counsel's decision to rest at the end of the government's case, we cannot say the district court abused its discretion in not holding an evidentiary hearing. See Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3